IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DEBRA SUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09-CV-159 |
| ) | |
| SANTERA REHABILITATION, INC., ) | |
| and BLUECROSS BLUESHIELD OF ) | |
| TENNESSEE, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Now before the court is the motion to strike [doc. 2] filed by defendant Santera Rehabilitation, Inc. ("Santera"), which asks the court to strike counts five and six of the complaint. Plaintiff has responded in opposition, and Santera has submitted a reply. For the reasons that follow, the motion will be granted.

I.

*Background*

Plaintiff was employed by Santera until she was fired in January 2009. According to the complaint, defendant BlueCross BlueShield of Tennessee, Inc. administers Santera's employee health insurance plan. Plaintiff brings her complaint pursuant to 29 U.S.C. § 1140, alleging that the defendants violated her rights under the Employee Retirement Income Security Act ("ERISA") and the Consolidated Omnibus Budget

Reconciliation Act ("COBRA").[1]

Count five of the complaint seeks "[a]n award of compensatory damages against both defendants in the amount of at least $300,000.00 for the defendants' ERISA discrimination in violation of 29 U.S.C. § 1140." At count six, plaintiff demands a jury trial.

II.

*Analysis*

Santera brings its motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which in material part allows the court to strike from a complaint any redundant or immaterial matter. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (citation omitted).

A. Count Five

The parties in their briefing agree that § 1140 plaintiffs may recover front pay and back pay. *See, e.g., Schwartz v. Gregori*, 45 F.3d 1017, 1021-23 (6th Cir. 1995). However, extracontractual compensatory damages for harm such as emotional distress are not recoverable under § 1140. *See, e.g., Vargas v. Child Dev. Council of Franklin County*,

---

[1] "It shall be unlawful for any person to discharge . . . or discriminate against a participant . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under . . . this subchapter [of ERISA, which includes COBRA] . . . . The [civil enforcement] provisions of section 1132 of this title shall be applicable in the enforcement of this section." 29 U.S.C. § 1140.

2

*Inc.*, 269 F. Supp. 2d 954, 956-57 (S.D. Ohio 2003) (collecting cases).

In count five, plaintiff does not clarify the nature of the compensatory damages she seeks. The only illumination is found at paragraph 21 of the complaint, which provides in full,

> The plaintiff has suffered humiliation and embarrassment as a result of the defendants' discrimination. The discriminatory discharge and interference with her ERISA rights to continued medical insurance coverage has caused the plaintiff to suffer increased stress and anxiety. The loss of insurance coverage has rendered it difficult, if not impossible[,] for the plaintiff to obtain prescribed medication and treatment for her anxiety. The plaintiff's enjoyment of life has been diminished and her earning capacity has been impaired. The plaintiff avers that she is entitled to an award of compensatory damages from both defendants for their discriminatorily discharging her and then discriminatorily denying her the ERISA-protected benefits.

To the extent that ¶ 21 seeks to recover benefits due under Santera's insurance plan or to enforce rights under that plan, ERISA expressly allows claims for such relief. *See* 29 U.S.C. § 1132(a)(1)(B). The remainder of ¶ 21, however, makes clear that the compensatory damages sought by plaintiff are of the extracontractual nature unavailable under § 1140 - humiliation, embarrassment, anxiety, loss of enjoyment of life, and diminished earning capacity.

Plaintiff's citation to language from the United States Supreme Court opinion in *Ingersoll-Rand Co. v. McClendon* does not change this result. *See Ingersoll-Rand*, 498 U.S. 133, 145 (1990) ("Consequently, it is no answer to a pre-emption argument that a particular plaintiff is not seeking recovery of pension benefits [but is instead seeking state law compensatory damages including mental anguish]."). The Sixth Circuit has held that

3

*Ingersoll-Rand's* "dicta" does not specifically open the door to compensatory or punitive damages under ERISA.  *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 618 n.4 (6th Cir. 1998).

> We do not interpret these statements to mean that the remedies which the plaintiff in *Ingersoll-Rand* was seeking – future lost wages, mental anguish and punitive damages – are necessarily available under ERISA . . . .  The Supreme Court is not holding that the specific *remedies* this plaintiff had sought under state law are necessarily the remedies that will be afforded him should he be granted *relief* under ERISA . . . .

*Id.* (quoting and "agree[ing] with" *McRae v. Seafarers' Welfare Plan*, 920 F.2d 819, 821 n.7 (11th Cir. 1991)) (emphasis in original).

Count five of plaintiff's complaint will accordingly be stricken.  The types of consequential damages sought by the complaint presently before the court are not recoverable under 29 U.S.C. § 1140.

### B. Count Six

At count six of her complaint, plaintiff demands a jury trial.  There is no right to a jury trial for § 1140 claims.  *See Vargas* 269 F. Supp. 2d at 957-58 (collecting cases).  Plaintiff's jury demand will accordingly be stricken.

An order consistent with this opinion will be entered.

ENTER:

                                              s/ Leon Jordan
                                      United States District Judge