IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DEBRA SUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-CV-159 |
| | ) | |
| SANTERA REHABILITATION, INC., | ) | |
| and BLUECROSS BLUESHIELD OF | ) | |
| TENNESSEE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action arises under the Employee Retirement Income Security Act ("ERISA") and its subpart, the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"). Now before the court are the motions for summary judgment filed by plaintiff [doc. 23] and by defendant Santera Rehabilitation, Inc. ("Santera") [doc. 21]. For the reasons that follow, plaintiff's motion will be denied, and Santera's motion will be granted in part and denied in part.

I.

*Background*

Plaintiff was formerly employed by Santera. She participated in the company's employee health benefit plan offered through BlueCross BlueShield ("BlueCross").

On January 2, 2009, plaintiff and Santera's then-office manager Randall Sargent disagreed over employee work assignments. The following Tuesday, a meeting took

place between plaintiff, Sargent, and Santera's president, Jim Daugherty. Sargent and

Daugherty presented plaintiff with a Counseling Report reprimanding her for

insubordination. Plaintiff added written comments to the reprimand form and returned it on

January 7 or 8. On January 9, 2009, Daugherty and Sargent fired plaintiff for "[g]ross

misconduct at work," specifically the "untrue and harmful statements in her reply to a written

warning for insubordination."

On January 20, 2009, Sargent submitted a COBRA Continuation Notice Form

to BlueCross regarding plaintiff. The form cited "gross misconduct" as a "COBRA

Qualifying Event Causing Loss of Coverage."[1] The Separation Notice submitted to the State

of Tennessee by Sargent also stated that the termination was "for gross misconduct."[2]

After receiving an unpaid medical bill in February 2009, plaintiff called

BlueCross to ask why the claim had not been paid. The BlueCross agent informed plaintiff

that she was ineligible for coverage because she had been fired for gross misconduct. The

following month, plaintiff again phoned BlueCross "to obtain the correct address for

[BlueCross's] COBRA department so I could formally request a copy of the welfare benefit

plan and send BlueCross a copy of the favorable Virginia Commission of Employment

decision" indicating that she had not committed misconduct. The BlueCross agent told

---

[1] Employees terminated for "gross misconduct" are ineligible for continuation health care coverage under COBRA. 29 U.S.C. §§ 1163(2), 1161(a).

[2] In its answer to the complaint filed in this court, Santera continued to affirm that it had fired plaintiff "for what it considered gross misconduct at work."

plaintiff to contact Santera (which was the plan administrator) rather than BlueCross to discuss those issues.

Plaintiff waited three more months before she contacted Santera. That contact came by letter from her attorney dated June 17, 2009. On August 3, 2009, plaintiff filed suit in this court against both Santera and BlueCross. On August 5, 2009, BlueCross mailed notice to plaintiff advising that she was *eligible* for COBRA. Plaintiff rejected the offer as "unreasonable and discriminatory" because it required her to make monthly payments retroactive to February 1, 2009.

The complaint filed in this court contains seven numbered demands for relief. The fifth and sixth of those counts (compensatory damages and a jury demand) were stricken by memorandum and order dated September 21, 2009. The fourth count, demanding daily statutory damages from BlueCross for that defendant's alleged refusal to provide her with a copy of the welfare benefit plan, was rendered moot by the October 2009 stipulated dismissal of BlueCross from this case. By the remaining counts against Santera, plaintiff seeks:

- a determination by the court that she did not commit "gross misconduct";

- restitutional, contractual, and equitable relief due to Santera's alleged interference with her COBRA rights;

- statutory damages for Santera's alleged failure to notify her of her COBRA rights; and

- attorney fees.

II.

*Analysis*

A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that its opponent has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255.

B. Counts Two and Three

ERISA in relevant part makes it unlawful to discriminate against a plan participant for the purpose of interfering with that person's ERISA or COBRA rights. 29

U.S.C. § 1140; *see also Mattei v. Mattei*, 126 F.3d 794, 806 (6th Cir. 1997) (for purposes of § 1140, "discrimination" means "any adverse action"). ERISA further authorizes a statutory penalty of up to $110.00 per day for a plan administrator's failure to notify a participant of her COBRA rights. 29 U.S.C. §§ 1132(c)(1), 1166(a)(4); 29 C.F.R. § 2575.502c-1. That penalty is within the court's discretion and requires consideration of factors including the plaintiff's mitigation efforts, the defendant's bad faith, and the resulting prejudice to the plaintiff. *See* 29 U.S.C. § 1132(c)(1); *Holford v. Exhibit Design Consultants*, 218 F. Supp. 2d 901, 907-08 (W.D. Mich. 2002).

Plaintiff's interference claim arises from Santera's allegedly wrongful use of the "gross misconduct" designation which made her ineligible for COBRA. Attached to Santera's summary judgment motion is the affidavit of its president, Jim Daugherty. Therein, Daugherty assures the court that "[i]t was never Santera's intent to deprive or deny Sutherland her rights to COBRA continuation coverage." The affidavit further states that Sargent (now a "former employee") "entered information into the computer system indicating that the COBRA 'Qualifying Event' involved 'Gross Misconduct,' although Santera did not, and does not, consider Sutherland to have been terminated for . . . 'gross misconduct' . . . ." Santera, through its summary judgment brief, appears to suggest that Sargent's use of "a term of art in the context of COBRA" was inadvertent or merely a "technical violation."

Santera's affidavit and argumentation raise more questions than they answer. On at least three occasions, Santera through its agents (including in the answer filed in this

5

court) represented that plaintiff had been fired for "gross misconduct." Santera's insistence that "gross misconduct" is a COBRA "term of art" in no way explains why Santera chose to repeatedly use that designation, which is the only "term of art" that renders a terminated employee ineligible for COBRA. Daugherty's representation that Santera "never intended" to interfere with plaintiff's COBRA rights is at best dubious in light of Santera's repeated use of the words "gross misconduct" - a designation that Daughtery now finally admits was inaccurate. To the extent that Santera would attempt to blame this episode on its former employee Sargent, the defendant has in no way addressed its *respondeat superior* liability for that former employee's actions. Obviously, genuine issues of material fact remain as to whether Santera intended to interfere with plaintiff's COBRA rights and whether Santera acted in bad faith.

Genuine issues of material fact similarly bar the grant of summary judgment in plaintiff's favor. For example, it is unexplained why plaintiff waited more than five months after her termination to contact Santera regarding her COBRA rights, even though she admittedly had been told to do so by BlueCross. Further, although plaintiff claims in part to have been prejudiced by the expiration of federal COBRA payment assistance, she has presented no proof that she actually qualified for that benefit. Genuine issues of material fact therefore remain as to plaintiff's mitigation efforts and the prejudice suffered.

For these reasons, both neither party is entitled to summary judgment. By separate order, this matter will be set for trial.

6

C. <u>Additional Issues</u>

Two additional issues raised in plaintiff's briefing require the court's attention. First, plaintiff "respectfully insists" that there is still a need for the court to determine that she was not in fact fired for "gross misconduct." Plaintiff is incorrect. Santera, by the Daugherty affidavit, has admitted that the termination was not actually for "gross misconduct." The issue is thus moot.

Next, plaintiff argues in her brief that she is entitled to an award of front pay and back pay. Again, she is incorrect. Damages must relate to, and stem from, the alleged harm. This is not a wrongful termination case. This is a case about alleged interference and inaction occurring *post*-termination. The authority cited by plaintiff is a retaliatory discharge case (where wages would have been a relevant issue) - not a post-termination interference case. *See Schwartz v. Gregori*, 45 F.3d 1017, 1021-23 (6th Cir. 1995).

Further, plaintiff's complaint does not state a claim for wrongful termination. To the extent that she would argue that her cursory references to "discriminatory termination" state such a claim, summary judgment will be entered in Santera's favor. *See Mattei*, 126 F.3d at 807 ("If the plaintiff makes nothing more than a bare allegation that the action complained of was taken . . . with the intent to interfere with the attainment of [ERISA] rights, summary judgment . . . will lie.").

An order consistent with this opinion will be entered.


ENTER:


__s/ Leon Jordan__
United States District Judge